

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*          *(503) 727-1000*
*Portland, OR   97204-2902*                *Fax: (503) 727-1117*

July 31, 2014



Ms. Jessica May
Arnold Law
401 East Tenth, Suite 400
Eugene, OR 97401

Re:  *United States vs. Daniel Stadelman*
     Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope:**  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges:**  Defendant agrees to waive indictment and plead guilty to a one-count information which charges the crime of Social Security Fraud, in violation of Title 42, United States Code, Section 408(a)(4).

3.  **Elements:** In order for the Defendant to be found guilty, the government must prove the following elements beyond a reasonable doubt:

The defendant:

(1) Had knowledge of an event affecting the right to receive or to continue to receive payments;

(2) Knowingly concealed or failed to disclose this event to the Social Security Administration;

(3) With the intent to fraudulently secure payment of Social Security Disability benefits in an amount greater than was due or when no payment to him was authorized.

4.  **Admissions:** As part of the plea agreement, Defendant admits the elements of the offense and agrees the government could prove the following:

In or about May 2001, defendant applied for Social Security Disability Insurance (SSDI) benefits, claiming to be disabled and unable to work due to a medical condition that left him fatigued and unable to work full-time.  Defendant's application was initially denied and

Revised 08/12/09

Re: Daniel Stadelman plea offer
Page 2

defendant appealed. Based on defendant's appeal and continued claim of being disabled, defendant's application for SSDI benefits was eventually approved in April 2004. Because defendant's eligibility for SSDI benefits was premised on defendant's apparent inability to return to work, defendant was advised by SSA to disclose to SSA any medical improvement or work.

On April 19, 2012, and June 7, 2013, defendant was questioned by SSA about his ability to work. Defendant advised he was still unable to work and had not worked since being approved for SSDI benefits. In fact, defendant had been either self-employed or working for his family's business since he began receiving SSDI benefits. Between April 2004 and June 2014, defendant continuously concealed from SSA that he had returned to work.

Because defendant was approved for SSDI benefits, he automatically became eligible for Medicare benefits in 2006. If defendant had truthfully disclosed his work to SSA, he would not have been eligible to receive Medicare benefits. As a result of defendant's false statements and concealments, defendant received $157,631.00 in SSDI benefits and at least $9,526.67 in Medicare benefits to which he was not entitled.

The defendant acted knowingly and willfully and the defendant's actions were within the District of Oregon.

5. **Penalties**: The maximum sentence is 5 years' imprisonment, a fine of $250,000, no more than three years supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

6. **Dismissal/No Prosecution**: The USAO agrees to not bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement. The USAO also agrees to not bring charges against defendant's wife related to her false statements to SSA and the Oregon Department of Human Services (DHS), provided defendant's wife signs a DHS Consent Agreement agreeing to the disqualification from the Supplemental Nutrition Assistance Program for a period of 12 months.

7. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

8. **Relevant Conduct**: The parties agree that defendant's relevant conduct pursuant to U.S.S.G. §§ 1B1.3 and 2B1.1 is a loss of more than $120,000 but less than $200,000 for a 10-level increase of the Base Offense Level of 6 under § 2B1.1(b)(1)(F), resulting in an Offense Level of 16.

9. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level.

Revised 08/12/09

Re: Daniel Stadelman plea offer
Page 3


The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10.  **Low End Range**:  The USAO will recommend the low end of the applicable guideline range, and will not oppose a "split" sentence if applicable under the guidelines, as long as defendant demonstrates an acceptance of responsibility and makes the restitution payments as described in paragraph 11.

11.  **Restitution:** Defendant agrees to pay restitution to SSA in the amount of $157,631.00, and to Medicare in an amount to be determined by sentencing.  The parties acknowledge that the Medicare loss will be at least $9,526.67, and no more than $20,000.00.  Said amounts shall be due and payable immediately.  If defendant cannot pay restitution in full at sentencing, defendant agrees to pay a lump sum of $50,000.00 at least two weeks prior to sentencing, and then monthly payments in the amount of $1,000.00, until the balance is paid in full. Defendant further agrees that the $1,542.67 seized from him on June 10, 2014, shall be applied towards his restitution obligation.

   Defendant agrees to fully disclose all assets in which he has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.   Defendant agrees to truthfully complete the financial statement form provided herein by the earlier of 14 days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury and provide it to both the United States Attorney's Office and the United States Probation Office.   Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. The defendant's failure to timely and accurately complete and sign the financial statement, and any update thereto,   may, in addition to any other penalty or remedy, constitute the defendant's failure to accept responsibility under U.S.S.G §3E1.1.

   The parties understand and agree that any restitution order issued by the Court will not affect or otherwise impact SSA's implementation of its benefits programs, to include SSA's ability to withhold future Social Security payments to the defendant, provided such withholding is done in accordance with the agency's regulations, its policies and federal law.  The parties further understand and agree that in the event SSA does withhold any benefit payments otherwise due to the defendant, the defendant should receive restitution credit for the amounts withheld from the defendant as a result of his fraud which gives rise to this plea agreement.  Defendant further acknowledges that SSA will be administratively pursuing an overpayment in the approximate amount of $195,529.00 which includes the $157,631.00 in this case as well as $37,898.00 in benefits the defendant received on behalf of his son when defendant was the son's Representative Payee.  Defendant agrees to not dispute SSA's overpayment calculation.

**Revised 08/12/09**

Re: Daniel Stadelman plea offer
Page 4


12.     **Additional Departures, Adjustments, or Variances**:  The USAO will recommend a two-level downward adjustment for defendant's early resolution of the offense, and will agree not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence below that range, except as specified in this agreement.

13.     **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that:  (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

14.     **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

15.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

16.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

17.     **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.


**Revised 08/12/09**

Re: Daniel Stadelman plea offer
Page 5

18. **Deadline**: This plea offer expires if not accepted by August 15, 2014 at 4:30 p.m.

                                                Sincerely,

                                                S. AMANDA MARSHALL
                                                United States Attorney

                                                */s/ Helen L. Cooper*

                                                Helen L. Cooper
                                                Special Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8-14-2014                                           */s/ Daniel Stadelman*
Date                                                  Daniel Stadelman, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8/14/14                                              */s/ Jessica May*
Date                                                 Jessica May, Attorney for Defendant